UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**EDWIN COLLADO,**

       **Plaintiff,**

**v.**                                                                               **Case No: 6:18-cv-1734-Orl-22DCI**

**UNITED PARCEL SERVICE, INC.,**

       **Defendant.**

## REPORT AND RECOMMENDATION

This cause comes before the Court for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **Defendant's Unopposed Amended Motion to Tax Costs (Doc. 60)** |
| **FILED:** | **November 2, 2020** |

**THEREON** it is Recommended that the motion be **GRANTED**.

On October 8, 2020, the Court entered summary judgment in favor of Defendant, and ordered that Defendant is entitled to costs. Doc. 54 at 41. Thereafter, Defendant moved for costs, but that request was twice denied for a failure to comply with the conferral and certification requirements of Local Rule 3.01(g). Docs. 56; 57; 58; 59. On November 2, 2020, Defendant filed an Unopposed Amended Motion to Tax Costs, which is now before the undersigned for consideration. Doc. 60 (the Motion).

In the Motion, Defendant requests $4,156.96 in costs pursuant to Federal Rule of Civil Procedure 54(d) and 28 U.S.C. § 1920.  Doc. 60.  While the Motion is titled as "unopposed," the Local Rule 3.01(g) certification states as follows:

> Pursuant to Local Rule 3.01(g), on October 30, 2020, the undersigned counsel for UPS conferred with Mr. Jerry Girley, counsel for Plaintiff, regarding the relief sought herein. During this teleconference, Mr. Girley indicated Plaintiff is unopposed to Defendant's request in part. In particular, Plaintiff objects to Defendant's request for $1,380.00 in total costs relating to the video recording of the depositions of Plaintiff and witness Logan Alderman. However, Mr. Girley indicated that Plaintiff does not oppose the remainder of the relief requested by Defendant herein.

Doc. 60 at 7 (emphasis added).  Thus, despite the apparently erroneous title of the Motion, the undersigned has waited to allow Plaintiff to respond to the Motion.  No response has been filed, and the time for responding has passed.  Thus, the Motion is due to be granted as unopposed.  *See* Doc. 17 at 5 ("Where no memorandum in opposition has been filed, the Court routinely grants the motion as unopposed."); Local Rule 3.01(b) ("Each party opposing a motion . . . **shall** file within fourteen (14) days after service of the motion . . . a response that includes a memorandum of legal authority in opposition to the request . . . .") (emphasis added).  Regardless, as this matter is referred to the undersigned for a report and recommendation, the undersigned will also consider the substance of the Motion.

Rule 54 provides, in relevant part, that "costs – other than attorney's fees – should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1).  There is a presumption in favor of awarding costs. *Arcadian Fertilizer, L.P. v. MPW Indus. Servs., Inc.*, 249 F.3d 1293, 1296 (11th Cir. 2001).  However, "the district court's discretion not to award the full amount of costs incurred by the prevailing party is not unfettered, 'since denial of costs is in the nature of a penalty for some defection on [the prevailing party's] part in the course of the litigation.'" *Chapman v. AI Transp.*, 229 F.3d 1012, 1039 (11th Cir. 2000) (quoting *Walters v. Roadway Express, Inc.*, 557 F.2d 521,

526 (5th Cir. 1977)) (citation omitted).[1]  To defeat the presumption and deny some or all costs, a district court must have and state a sound basis for doing so.  *Id.*

"[A] court may only tax costs as authorized by statute."  *EEOC v. W & O, Inc.*, 213 F.3d 600, 620 (11th Cir. 2000).  Thus, a district court may not award costs under Rule 54 "in excess of those permitted by Congress under 28 U.S.C. § 1920."  *Maris Distrib. Co. v. Anheuser-Busch, Inc.*, 302 F.3d 1207, 1225 (11th Cir. 2002) (citing *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437 (1987).  Section 1920 specifies which costs are recoverable, and provides as follows:

> A judge or clerk of any court of the United States may tax as costs the following:
>
> (1) Fees of the clerk and marshal;
>
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
>
> (3) Fees and disbursements for printing and witnesses;
>
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
>
> (5) Docket fees under section 1923 of this title;
>
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

*Id*.  When challenging whether costs are properly taxable, the burden lies with the challenging party.  *Ass'n for Disabled Americans, Inc. v. Integra Resort Mgmt., Inc.*, 385 F. Supp. 2d 1272, 1288 (M.D. Fla. 2005).  However, the party seeking costs must provide sufficient detail and documentation regarding the requested costs so that the opposing party may challenge the costs

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

and so the court may conduct a meaningful review of the costs. *Lee v. Am. Eagle Airlines, Inc.*, 93 F. Supp. 2d 1322, 1335-36 (S.D. Fla. 2000). Failure to provide sufficient detail or supporting documentation verifying the costs incurred and the services rendered can be grounds for denial of costs. *Pelc v. Nowak*, Case No. 8:11-cv-79-T-17TGW, 2013 WL 3771233, at *5 (M.D. Fla. July 17, 2013) (citing *Johnson v. Mortham*, 173 F.R.D. 313, 318 (N.D. Fla. 1997))

Defendant, as the prevailing party, is entitled to recover its costs pursuant to § 1920. Defendant requests an award of $4,156.96. Doc. 60 at 5. Defendant has attached the following documentation to the Motion: a bill of costs (Doc. 60-1); an affidavit from defense counsel (Doc. 60-2 at 2-5); a chart titled Itemization of Fees and Disbursements for Printed or Electronically Recorded Transcripts with attached invoices (Doc. 60-2 at 7-11); a chart titled Fees for Service of Subpoenas with attached invoices (Doc. 60-2 at 13-15; and chart titled Itemization of Fees for Exemplification and an attached invoices (Doc. 60-2 at 17-18). Upon review of the Motion and the attached documents, the undersigned finds that Defendant has provided sufficient detail and documentation such that the undersigned can conduct a meaningful review of the costs. *See Lee*, 93 F. Supp. 2d at 1335-36.

The bulk of the costs sought (i.e. $3,988.75 of $4,156.96) are costs associated with depositions. Doc. 60-1. "Taxation of deposition costs is authorized by § 1920(2)." *W & O, Inc.*, 213 F.3d at 620 (citing *U.S. v. Kolesar*, 313 F.2d 835, 837-38 (5th Cir. 1963)). However, "where the deposition costs were merely incurred for convenience, to aid in thorough preparation, or for purposes of investigation only, the costs are not recoverable." *Id*. (quoting *Goodwall Const. Co. v. Beers Const. Co.*, 824 F. Supp. 1044, 1066 (N.D. Ga. 1992), *aff'd*, 991 F.2d 751 (Fed. Cir. 1993)). Ultimately, the question of whether costs for a deposition are recoverable depends on the factual question of whether the deposition was wholly or partially necessarily obtained for use in

the case. *Id.* at 620-21. Here, Defendant represents that the depositions with which these costs are associated were necessary for use in this case and are taxable under § 1920. Doc. 58 at 3; Doc. 58-1 at 1-2. This assertion is undisputed because Plaintiff failed to respond to the Motion. Further, to the extent Plaintiff took issue with the costs relating to the video recording of the depositions of Plaintiff and witness Logan Alderman (as stated in the Local Rule 3.01(g) certification), there is no indication that Plaintiff objected to the video recordation at the time of the deposition, and Defendant's assertions concerning the necessity of the deposition costs is unrefuted. The additional costs sought are for service ($130.00) and exemplification ($38.20), and Defendant's request appears to be properly supported by the Motion and its attachments. Without any response from Plaintiff, the undersigned finds that Defendant is entitled to recover all of the costs it seeks in this Motion.

For the reasons stated herein, it is respectfully **RECOMMENDED** that:

1. The Motion (Doc. 60) be **GRANTED**; and
2. The Clerk be directed to tax costs in favor of Defendant in the total amount of $4,156.96.

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

    Recommended in Orlando, Florida on November 17, 2020.

/s/ Daniel C. Irick

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy